IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT A. ZANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV700 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This action, filed pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-2680 (West 2006 & Supp. 2013), comes before the Court on a Motion to Dismiss or for Summary Judgment [Doc. #7] filed by Defendant United States of America, and a Motion to Expedite [Doc. #12] filed by Plaintiff Robert Zander. Plaintiff Zander, proceeding *pro se*, has responded to the Government's Motion to Dismiss. For the reasons set forth below, the Government's Motion to Dismiss should be granted with respect to all of Plaintiff's claims except his claims that employees of the Bureau of Prisons assaulted and battered him while he was incarcerated. Plaintiff's Motion to Expedite will be denied.

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Zander alleges in his Complaint that on September 4, 2007, while he was incarcerated at Federal Prison Camp Butner ("Butner"), he authored a commentary on the existing disparity in sentencing for crack cocaine as compared to powder cocaine crimes. (Compl. [Doc. #2] at 4.) Plaintiff attempted to mail 19 copies of his commentary to members of Congress and media outlets. He alleges that his commentary expressed his personal views

and never criticized prison rules or regulations. According to Plaintiff, Bureau of Prisons' personnel unlawfully intercepted, opened, and read his correspondence and attempted to destroy all copies of it. However, Plaintiff managed to send a complete copy to his spouse. Plaintiff alleges that on September 6, 2007, Bureau of Prisons' personnel "aggressively interrogated" him about his correspondence, falsely accused him of violating prison rules and regulations, and threatened him. Plaintiff denied any wrongdoing.

Plaintiff alleges that Bureau of Prisons' personnel thereafter issued a written incident report charging Plaintiff with violations of prison rules and regulations. They "ordered Claimant confined to the 'Hole' for more than six (6) months," according to Plaintiff. (Id. at 6.) Plaintiff says that at this time, he was 62 years old and in poor health as a result of an extensive history of coronary artery disease, hypertension, and allergy rhinitis. He required several medications and had two blocked arteries. Plaintiff contends that while "confined to the 'Hole,' Defendant's employees directed at Claimant abusive vitriol, derisive appellations, a derogatory racial epithet, and also routinely assaulted, degraded, and threatened Claimant with brutality and with serious and irreparable physical injury." (Id. at 7.)

Plaintiff further alleges that after several months in the "hole," he was brought before the disciplinary hearing officer in January 2008. The hearing officer "ruled that Claimant 'did not commit' the charged offense and completely and unconditionally exonerated Claimant of all charges and directed that the charge be expunged from Claimant's record." (Id. at 7-8.) Bureau of Prisons' employees then transferred Plaintiff from Butner to FCI Oakdale in Oakdale, Louisiana. Plaintiff contends that he was at the time a Care Level 3 inmate which "expressly

prohibited" his transfer to FCI Oakdale. Bureau personnel allegedly "fraudulently altered, upgraded, and misrepresented" Plaintiff's medical records to inaccurately reflect that he was a Care Level 2 inmate. Plaintiff says that he used the administrative remedy procedure to object to most of this misconduct, although Plaintiff says that at the time, he did not yet know about the misrepresentation of his care level.

Plaintiff also claims that to "further effectuate [his] unlawful transfer" to FCI Oakdale, Bureau personnel "deployed a 'force team' consisting of six heavily protected guards who violently struck Claimant in his upper chest cavity, lifted Claimant up off the ground, forcefully slammed Claimant onto a sheet metal slab, and sadistically subjected Claimant to excruciating pain as a 260+ pound prison guard placed his weight onto Claimant's chest." (Id. at 9.) Plaintiff says he was then stripped of all clothing in front of a female guard. Plaintiff contends that Bureau officials were to make a copy of the video recording of this use-of-force incident but failed to do so and failed to file a use-of-force report. In September 2008, Plaintiff says he filed a Bivens[1] action in the United States District Court for the Eastern District of North Carolina and that Bureau personnel retaliated by sending him to the 'hole' again where he was deprived of his heart and blood pressure medication for three days. (Id. at 10.)

Based upon these alleged facts, Plaintiff raises 16 causes of action. These claims are: (1) failure to follow rules and regulations; (2) malicious prosecution in disciplinary hearings; (3) abuse of disciplinary process; (4) false imprisonment and loss of liberty interest; (5) assault by communicating threats; (6) battery; (7) unauthorized use of force by "force team"; (8) breach of

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

duty to keep Plaintiff from harm; (9) failure to intervene and keep Plaintiff from harm; (10) breach of duty to report criminal conduct by employees; (11) conspiracy to violate Plaintiff's rights; (12) general negligence by employees; (13) negligent retention of incompetent employees; (14) defamation; (15) emotional distress; and (16) negligent misrepresentation. (Compl. [Doc. #2] at 13-21.)

Defendant filed its Motion to Dismiss or for Summary Judgment and initially argued that all of Plaintiff's claims were barred by the statute of limitation of the FTCA. (Mem. in Support [Doc. #8].) This argument was based on the belief that Plaintiff had filed only one FTCA claim [Doc. #8-1, at 15-16] in June 2011. However, Plaintiff in his Response [Doc. #10] identified for the first time a second FTCA claim [Doc. #11-1, at 6] which he filed in May 2008.[2] He filed the 2008 claim with the Federal Bureau of Prisons' South Central Regional Office in Texas. That office wrote to Plaintiff on July 22, 2008 [Doc. #11-1 at 9], to inform him that it was transferring his claim to the Mid-Atlantic Regional Office because the events he complained of occurred when he was incarcerated at FCI Butner. However, there was apparently no further action taken on the 2008 claim.

In his 2008 claim [Doc. #11-1 at 6], Plaintiff complained that on or about September 6, 2007, he was the victim of theft of his personal property by prison officials, he lost wages of $500, and that his medical conditions of angina and high blood pressure were aggravated by the assault and battery by prison officials.

---

[2] Plaintiff argues in his Response [Doc. #10 at 6-9] that Defendant should be sanctioned for the Bureau's failure to produce his 2008 FTCA claim initially to the Court and its failure to maintain other records. Because there is no showing of an intent to mislead the Court and the 2008 claim was eventually produced after Plaintiff referred to it, the Court does not find a basis for sanctions at this time.

In Plaintiff's subsequent 2011 FTCA claim [Doc. #8-1 at 15], Plaintiff filed an additional claim for alleged inadequate or improper training, management, and supervision of Bureau personnel including: the assault and battery of him for exercising his "lawful rights of free speech"; the filing of false declarations in federal district court to cover up criminal conduct of law enforcement officials; and the fraudulent alteration of his medical records and deliberate indifference to his medical needs. (Id.) Plaintiff also claimed that he suffered from blocked arteries when he was beaten by law enforcement officials and was deprived of heart and blood pressure medications for several days "in order to induce fatality." (Id.)

In its Reply Brief, Defendant takes the position that Plaintiff's claims are barred by either a failure to administratively exhaust or due to the running of the FTCA limitation period, except for his assault and battery claims which Defendant now contends should be dismissed for failure to state a claim upon which relief may be granted. (Def.'s Reply [Doc. #11] at 4.)

II.  DISCUSSION

1. FTCA Exhaustion of Remedies and Statute of Limitations

In raising its contentions related to the FTCA, Defendant challenges the Court's subject matter jurisdiction over Plaintiff's claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. . . . In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (internal citations and quotations omitted); 28 U.S.C.

5

§ 1346(b). Therefore, a claim against the United States must be properly within the FTCA for sovereign immunity to have been waived and jurisdiction to exist. Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) ("Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms.").

Under the FTCA, a claimant must present his FTCA claim first to the federal agency before bringing an action in federal court. Kokotis, 223 F.3d at 278. The claim must be presented to the federal agency within 2 years of the event giving rise to the claim. 28 U.S.C. § 2401(b); Kokotis, 223 F.3d at 278. If the federal agency denies the claim, the claimant has six months to file suit in federal court. 28 U.S.C. § 2401(b). Thus, the claim must be (1) administratively filed within 2 years of the challenged event; and (2) filed with the court within 6 months of the denial of the administrative claim. Failing to follow the administrative requirements "deprives a district court of jurisdiction over any subsequently filed FTCA suit." Kokotis, 223 F.3d at 278.

As discussed above, Plaintiff filed two administrative FTCA claims: the first on May 5, 2008, and the second on June 28, 2011. In the May 2008 FTCA claim, Plaintiff complained of incidents occurring on or about September 6, 2007, specifically (1) theft of personal property; (2) lost wages; and (3) assault and battery by prison officials. Plaintiff's Complaint in the present case does not raise any claim for theft of property or loss of wages. However, in the body of the Complaint and in Counts 5 and 6, he does allege claims based on assault and battery by prison officials. These assault and battery claims are the only claims raised in both his 2008

6

FTCA claim and his Complaint. As to those claims, the May 2008 FTCA claim was administratively filed within 2 years of the challenged incidents. As noted above, Plaintiff was required to file his Complaint on these claims within 6 months of the administrative denial of the claims. However, Defendant concedes that the Bureau of Prisons did not ever issue a final written denial. Under the FTCA, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant *any time thereafter*, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a) (emphasis added). Thus, under the terms of the statute, Plaintiff may "deem" his 2008 claim to be finally denied at "any time" after six months has elapsed from its filing. 28 U.S.C. § 2675(a). Therefore, the six-month time limitation for filing a federal lawsuit was never triggered. See Pascale v. United States, 998 F.2d 186, 193 (3d Cir. 1993). Defendant does not contend otherwise. As such, it appears that with respect to the assault and battery claims included in the May 2008 FTCA Claim, Plaintiff timely exhausted his administrative remedies and is not barred by the statute of limitations. Thus, the FTCA waiver of immunity would apply so that the Court has jurisdiction over Plaintiff's claims of assault and battery (Complaint Causes of Action 5 and 6) occurring on or about September 6, 2007.[3]

---

[3] Plaintiff alleges in his Seventh Cause of Action that the "force team" used excessive force against him. The Court takes judicial notice that in his Complaint filed on September 2, 2008, in the Eastern District of North Carolina case of Zander v. Lappin, No. 5:08-ct-3117-FL (E.D.N.C. Sept. 2, 2008) (¶¶ 125-136), Plaintiff alleged that this incident occurred on March 17, 2008. It does not appear that this is the incident referred to in Plaintiff's 2008 FTCA claim. However, given the Court's determination above that jurisdiction exists as to the assault and battery claims included in the May 2008 FTCA claim, any further issues regarding the precise dates of the alleged assaults and the scope of the FTCA claim can be developed during discovery, and addressed further on subsequent dispositive motions as appropriate.

With respect to Plaintiff's June 2011 FTCA claim, that claim was administratively denied on January 27, 2012, and there is no dispute that Plaintiff filed the instant action within 6 months of that denial. However, Defendant contends that the claims raised in the June 2011 FTCA claim relate to events that occurred more than 2 years before the filing of the FTCA claim, i.e., before June 2009. In the June 2011 FTCA Claim, Plaintiff complained of incidents occurring "9/7/07 and continuing to the present" and specifically raised claims of (1) physical assault and battery by Bureau of Prison employees; (2) filing of false declarations in prior federal proceedings; (3) fraudulent and intentional alteration of medical records; and (4) deprivation of medication. In his Complaint in the present case, Plaintiff sets out claims of assault and battery, alteration of medical records, and deprivation of medication, but Plaintiff does not make a claim in his Complaint related to his FTCA allegation of false declarations in federal court proceedings.

As to the alleged assault and battery included in the June 2011 FTCA claim, Plaintiff alleges in the Complaint in this case incidents of alleged assault and battery in 2007 and in 2008 prior to his transfer to Oakdale in March 2008. However, the June 2011 FTCA claim would only be timely as to incidents within the previous 2 years, that is, from June 2009 to June 2011. There is no contention in the Complaint of any assault and battery in that time frame. With respect to the alteration of medical records included in the June 2011 FTCA claim, Plaintiff contends in his Complaint that he was not immediately aware of the reclassification of his care level. However, Plaintiff raised this claim in his <u>Bivens</u> action in September 2008, <u>Zander v. Lappin</u>, No. 5:08-ct-3117-FL (E.D.N.C. Sept. 2, 2008). Therefore, he was aware of the claim

by September 2008, and would have needed to file his administrative FTCA claim by no later than September 2010. Finally, with respect to alleged deprivation of medication for several days included in the June 2011 FTCA claim, Plaintiff in his Complaint contends that this occurred immediately after he filed his Bivens action in September 2008. Therefore, the administrative claim would also have needed to be filed within two years, by September 2010. Thus, none of the claims in the June 2011 FTCA Claim that are asserted in the present suit were administratively filed within two years of the accrual of the claim, and the FTCA's waiver of sovereign immunity would not apply.

Accordingly, Defendant's Motion to Dismiss for lack of jurisdiction should be granted as to all of Plaintiff's claims except his fifth cause of action for assault and his sixth cause of action for battery, based on the assault and battery claims asserted in the May 2008 FTCA claim.[4]

---

[4] In his Response, Plaintiff contends that the "continuing violations doctrine" relieves him of the obligation to comply with the FTCA statute of limitation. (Response [Doc. #10] at 11.) However, he relies upon a case referring to that doctrine in an employment discrimination action. See Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004). As noted in that case, the "continuing violations" doctrine is a basis for equitably tolling a hostile work environment claim. However, it does not apply to discrete events like those alleged in the June 2011 FTCA claim. Moreover, to the extent Plaintiff contends that equitable tolling should otherwise apply, equitable tolling in FTCA cases is appropriate only "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Kokotis, 223 F.3d at 280 (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)). The present record does not reveal such deception or misleading. Indeed, Plaintiff's Response addresses Defendant's failure to maintain certain documents and to complete certain Reports, but such matters do not suggest Plaintiff's lack of awareness of the underlying events giving rise to his claims. Although the Complaint does allege Plaintiff was not immediately aware of his alleged fraudulent classification as Care Level 2 (Compl. [Doc. #2] at 8), not only is there no basis to conclude that deception or misleading were involved, but, as noted above, Plaintiff's reference to that matter in his Bivens action reveals his knowledge of the events giving rise to that claim more than two years prior to the filing of his June 2011 FTCA claim.

2. Failure to State a Claim

In its Reply Brief, Defendant argues that Plaintiff's claims of assault and battery should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Defendant argues that Plaintiff has made only "threadbare recitals" of the elements of the cause of action and that the facts alleged do not permit the Court to infer more than the mere possibility of misconduct. (Def.'s Reply [Doc. #11] at 5.) However, these contentions were not included in Defendant's initial Brief, and therefore Plaintiff has not had an adequate opportunity to respond. In the circumstances, Defendant's request in its Reply Brief that Plaintiff's claims for assault and battery be dismissed for failure to state a claim should be denied as improperly raised.

Moreover, the Court notes that in his Complaint, Plaintiff alleges that he was interrogated on September 6, 2007, charged with an infraction of the rules, and then placed in the "hole" where the assault and battery allegedly occurred. (Compl. [Doc. #2] ¶¶ 23-30.) He claims that "Defendant's employees directed at Claimant abusive vitriol, derisive appellations, a derogatory racial epithet, and also routinely assaulted, degraded, and threatened Claimant with brutality and with serious and irreparable physical injury." (Id. ¶ 29.) He was "brutally battered." (Id. ¶ 72.)

10

In January 2008, his disciplinary hearing was held, and he was exonerated. (Id.) From these allegations, the Court may infer that the alleged assault and battery occurred while Plaintiff was in the "hole" between September 6, 2007 and January 2008.[5] Plaintiff sets out the reasons why he was placed in the "hole," which he contends was the motive for the alleged assault and battery. The details of the alleged assault may be determined in discovery. Plaintiff has done more than make conclusory allegations, and his story is plausible on its face. Therefore, further consideration of these claims, including whether there is evidence to support the claims, should be reserved for post-discovery dispositive motions.

The Court notes that Plaintiff has also filed Motion to Expedite. The Court finds no basis to expedite further proceedings in this case. To the extent Plaintiff requested expedited consideration of the pending Motion to Dismiss, that issue has now been addressed. Therefore, the Motion to Expedite will be denied.

III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Expedite [Doc. #12] is DENIED.

IT IS RECOMMENDED that Defendant's Motion to Dismiss [Doc. #7] be granted as to all claims except Causes of Action 5 (assault), and 6 (battery).

This, the 10th day of September, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[5] Plaintiff also alleges a subsequent "use of force" in March 2008. As noted previously, an further dispute regarding specific dates and the scope of the May 2008 FTCA claim would be more appropriately resolved on dispositive motions after a period of discovery.